IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TOSHALYN MURRAY,**

      **Plaintiff,**

                                                     Civil Action 2:22-cv-2047
  v.                                                Judge Michael H. Watson
                                                  Magistrate Judge Kimberly A. Jolson

**TOM PYLE, et al.,**

      **Defendants.**

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Second Amended Complaint (Doc. 13). The Undersigned previously issued a Report and Recommendation (Doc. 5) screening Plaintiff's original complaint. Because there is a new operative complaint, that Report and Recommendation (Doc. 5) is **WITHDRAWN**. Now, having performed a screen of the Second Amended Complaint, the Undersigned **RECOMMENDS** Plaintiff's Second Amended Complaint (Doc. 13) be **DISMISSED**.

**I.    BACKGROUND**

After Plaintiff's cause of action was severed from two other plaintiffs (Doc. 1), she initiated the present action on May 17, 2022 (Doc. 3). Because Plaintiff's original complaint was too vague for the Court to discern whether she had stated a viable claim, she was ordered to file an amended complaint by July 14, 2022. (Doc. 4). Specifically, the Court ordered Plaintiff to identify which claims she was bringing against each defendant and, under Rule 8 of the Federal Rules of Civil Procedure, provide:

    (1) a short and plain statement of the grounds for the court's jurisdiction;

    (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a)(1)–(3).

To assist in complying with the Court's rules, Plaintiff was provided with the Court's Complaint Form (*Pro Se*), and directed to consult the Court's *pro se* guide, which provides basic information regarding the preparation of a complaint. (Doc. 4); *see A Guide for* Pro Se *Civil Litigants: Representing Yourself in the United States District Court for the Southern District of Ohio*, Sec. III.1, available at http://www.ohsd.uscourts.gov/pro-se-handbook. Plaintiff failed to amend by the deadline, but later requested additional time to do so (Doc. 7), which was granted (Doc. 8). Plaintiff then filed an amended complaint (Doc. 11), which, upon review, the Court noted was still incomprehensible (Doc. 12). Plaintiff was afforded a "final attempt" at amendment. (*Id.*).

That final attempt, Plaintiff's Second Amended Complaint (Doc. 13), is now before the Court for screening.

**II.     STANDARD**

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss any portion of the Complaint that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) ("Even if a non-prisoner pays the filing fee and/or is represented by counsel, the complaint must be screened under § 1915(e)(2)."). While true that *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires

2

a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."

## III. DISCUSSION

In her Seconded Amended Complaint (Doc. 13), Plaintiff sues twenty-three Defendants: Athens County Sheriff's Office and several of its employees, Athens City School District and several of its employees, Athens County Children's Services and several of its employees, Athens County Police Department and several of its employees, the Athens County Clerk of Courts, Southeastern Ohio Legal Services, and Carol Dawson, Plaintiff's landlord.  For the following reasons, it is **RECOMMENDED** that the claims against all Defendants be dismissed.

Plaintiff's allegations are wide-ranging and difficult to follow.  Primarily they concern how various organizations across the county investigated Plaintiff's claims about her son and daughter, and how each was treated at school.  But upon review of the allegations, Plaintiff has not successfully alleged any violation of her constitutional or federal rights.

For instance, she alleges that the Athens County Sheriff's Office and several of its employees failed to properly investigate missing person reports she made about her daughter and an alleged break-in at her house.  (Doc. 13, ¶¶ 1–6).  Yet, "there is no right to an adequate police investigation."  *Khaled v. Dearborn Heights Police Dep't*, 711 F. App'x 766, 771 (6th Cir. 2017) (citing *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007)).  Similarly, regarding the Athens County Police Department, she alleges that when her son was "stabbed by another student" at his middle school, the police "stated there was no evidence to support this allegation and refused to take the report."  (Doc. 13, ¶ 18).

She also describes her disappointment with the actions of teachers and administrators at her children's schools, including disagreements over picking her daughter up late, her son's

3

truancy, and cruel comments made toward her son by teachers.  (*Id.*, ¶¶ 8–12).  But neither do any of these allegations amount to a cognizable federal claim.

At least one Defendant, the Athens County Clerk of Courts, enjoys immunity from suit. *See, e.g.*, Swann v. Reese, No. 3:20-cv-509, 2022 U.S. Dist. LEXIS 90043 (S.D. Ohio May 19, 2022).  And, for many of the remaining defendants, Plaintiff has stated very little and certainly not enough for a case to proceed against them.  For example, Plaintiff is disappointed that: a receptionist at Southeastern Ohio Legal Services misinformed her about the legal representation it offers (*id.*, ¶ 22), the executive director of Athens County Children's Services did not return her phone calls (*id.*, ¶ 17), and her landlord is charging her the improper amount of rent (*id.*, ¶ 23). None of these states a federal claim.

At base, though the Court has afforded Plaintiff several opportunities to clarify her allegations, the Seconded Amended Complaint remains incomprehensible.  It lists nearly two dozen Defendants and provides no clear articulation of what federal claims she is bringing. Consequently, she has failed to state a claim upon which relief can be granted, and dismissal is appropriate at this point, especially because she has been given opportunities to amend her pleadings.

IV.   **CONCLUSION**

For the foregoing reasons, the Undersigned **RECOMMENDS** Plaintiff's Second Amended Complaint (Doc. 13) be **DISMISSED**.

<u>**Procedure on Objections**</u>

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those

portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: October 6, 2022
/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE