## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

Toshalyn Murray,

        Plaintiff,

    v.

Tom Pyle, *et al.*,

        Defendants.

Case No. 2:22-cv-2047

Judge Michael H. Watson

Magistrate Judge Jolson

## OPINION AND ORDER

Toshalyn Murray ("Plaintiff") sues twenty-three total Defendants, including the Athens County Sheriff's Department, Athens County Children Services, Athens County School District, Athens Police Department, Athens County Clerk of Courts, Southeastern Ohio Legal Services, Carol Dawson, who is Plaintiff's landlord, and a variety of individuals employed by these entities (collectively, "Defendants") under, *inter alia*, 42 U.S.C. § 1983.  Second Am. Compl., ECF No. 13.  The Magistrate Judge screened Plaintiff's pro se Complaint under 28 U.S.C. § 1915(e)(2) and issued a Report and Recommendation ("R&R") recommending the Court dismiss the same.  R&R, ECF No. 14.  This matter is now before the Court on Plaintiff's objection to the R&R.  Obj., ECF No. 15.  For the following reasons, Plaintiff's objection is **OVERRULED**, and the R&R is **ADOPTED**.

## I.    STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b)(3), the Court reviews de novo those portions of the R&R that Plaintiff specifically objected to.  Fed. R. Civ. P. 72(b)(3).

## II.    ANALYSIS

The R&R concludes that Plaintiff's Second Amended Complaint fails to allege a federal cause of action.  In her objection, Plaintiff lists several federal causes of action and argues her Second Amended Complaint states a claim under each.

The Court has reviewed Plaintiff's Second Amended Complaint in light of the federal causes of action she purports to raise.  On de novo review, the Court agrees Plaintiff's Second Amended Complaint must be dismissed without prejudice to refiling in state court for lack of subject matter jurisdiction.

First, there is no diversity jurisdiction under 28 U.S.C. § 1332 in this case given that Plaintiff and Defendants all appear to be citizens of Ohio.

Second, the Court agrees that Plaintiff's Second Amended Complaint does not adequately allege any federal cause of action for jurisdiction under 28 U.S.C. § 1331.  Plaintiff's objections argue that she raises the following federal claims: (1) discrimination under 42 U.S.C. § 12101; (2) neglect under 42 U.S.C. § 1986; (3) an equal protection violation under the Fourteenth Amendment; (4) a violation of 18 U.S.C. § 3509; (5) racial discrimination; (6) assault on a minor; (7) failure to

train; (8) failure to report child abuse; (9) endangering minors; and (10) extreme negligence. ECF No. 15.

Plaintiff fails to plausibly allege a discrimination claim under 42 U.S.C. § 12101 because she fails to allege that she has a disability. Moreover, the narrative Second Amended Complaint lacks specific facts that would state a claim for neglect under 42 U.S.C. § 1986, a claim for an equal protection violation under the Fourteenth Amendment, or for race discrimination. Additionally, Plaintiff alleges that she is bringing claims under 18 U.S.C. § 3509, but she does not have standing to do so as this is a criminal statute with no private right of action. Finally, Plaintiff alleges a host of non-federal claims—assault on a minor, failure to train,[1] failure to report child abuse, endangering minors, and extreme negligence. As discussed above, the Court does not have jurisdiction over these claims under 28 U.S.C. §§ 1331 or 1332.

Moreover, Plaintiff's objections generally restate some of her allegations against some of the Defendants and request that the Court permit her to proceed against five specific Defendants. Plaintiff also states that she has been unable to effectively communicate with the Court because she does not have legal counsel and requests that the Court appoint her counsel. To the extent these statements are meant as additional objections, they likely amount to merely general

---

[1] Even if Plaintiff adequately alleged a § 1983 claim, she alleges only conclusory statements regarding failure to train, making any *Monell* claim based on failure to train insufficient under *Iqbal* and *Twombly*.

objections and "fail[] to state sufficient grounds to overturn the Magistrate Judge's well-reasoned" R&R.  *Johnson v. Nationwide Ins.*, 2019 WL 2373644, Case No.: 2:19-cv-1130, at *1 (S.D. Ohio June 5, 2019).  General objections to the entirety of the R&R have "the same effect as would a failure to object."  *Howard v. Sec'y of Health and Hum. Svcs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Although Plaintiff's experiences with a variety of arms of local government appear to be sub-par at best, this is not the proper court for Plaintiff to resolve her grievances.  Plaintiff is free to re-file this case in state court if she so chooses.

### III.    CONCLUSION

Because Plaintiff fails to articulate any federal claims, Plaintiff's objection is **OVERRULED**, and the R&R is **ADOPTED**.  The Clerk is **DIRECTED** to close the case.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**